ROBERTS v. ROBERTS.

5-914                                        288 S. W. 2d 948

Opinion delivered April 9, 1956.

*Bethell & Pearce,* for appellant.

*White & Martin,* for appellee.

J. SEABORN HOLT, Associate Justice. January 19, 1954, appellant, Martin M. Roberts, was granted a divorce from Peggy Roberts (now Jerome) on the grounds of indignities and mental cruelty. There was a voluntary property settlement, approved by the court and incorporated in the decree. The parties had three children born to them, a boy 8 years of age and two little girls, one 6 and the other 4, at the time the decree was granted.

The trial court found that appellee was a fit and proper person to have their custody and awarded their custody to her, conditioned, "that she shall not remove the residence of said children from the Fort Smith District of Sebastian County, Arkansas, and subject to the right of reasonable visitation and temporary custody by the plaintiff; . . ." Appellee, the mother, was awarded $300 per month for the support of herself and the children.

Thereafter, August 24, 1955, appellee married Major George W. Jerome, of the regular army, who was stationed at El Paso, Texas. Major Jerome had previously been married and divorced and has the custody of a 7-year-old daughter. Appellant, Roberts, remarried in July, 1955, and is a dentist living in Fort Smith. On August 29, 1955, appellee, mother of the three children involved, filed a motion to modify the January 19, 1954, decree to permit her to take the children to El Paso, Texas, where she intended to reside with her new husband in his home there, and she also asked that the amount for support be reduced to a reasonable sum. Appellant resisted this motion at a hearing and asked the court to change the custody of the children to him. There was a decree granting appellee's request to be allowed to remove the children to her new husband's home in El Paso, Texas, and denying appellant's request that their custody be given to him. The decree contained a provision that appellant "shall be and he is hereby given the right to have said children to visit him during the summer vacation, following each school term, for a period of from one (1) to three (3) months as agreed upon by the parties herein; that plaintiff shall and he is hereby ordered to pay into the registry of this court the monthly sum of $100 for the support and maintenance of said children and the further sum of $50 in a federal savings and loan association, acceptable to both parties hereto, in trust for the use and benefit of each of said children during his or her minority, and that no withdrawals of the corpus or interest of said trust shall be made except over the joint signatures of the parties herein; that defendant shall and she is hereby ordered to notify the clerk of this court and the plaintiff herein of

any change in her present address or residence at 7721 Matamoros, El Paso, Texas." This appeal followed.

For reversal appellant says: "The issue in this case is simple to state, viz., will the welfare of the children involved be best served by permitting the mother to retain custody and remove them from the supervising care of their father, or will it be better served by granting custody to the father?"

Our rule in child custody cases is well established and is as re-announced in the case of *Blake* v. *Smith*, 209 Ark. 304, 190 S. W. 2d 455, in this language: "In determining the custody of a minor child, the welfare of the child is the supreme and controlling consideration. . . . It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child, or in modifying such award thereafter, must keep in view primarily the welfare of the child, and should confide its custody to the parent most suitable therefor; the right of each parent to its custody being of equal dignity. . . . A decree fixing the custody of a child is, however, final on the conditions then existing, and should not be changed afterwards unless on altered conditions since the decree, or on material facts existing at the time of the decree, but unknown to the court, and then only for the welfare of the child. . . . The party seeking a modification of a divorce decree awarding custody of a minor child assumes the burden of showing such a change in conditions as to justify such modification." After a review of all the testimony, we are unable to say that the preponderance thereof does not support the findings of the trial court, to the effect that there had been no such changes or altered conditions, since the original divorce decree, to warrant changing the custody of these children from their natural mother to their father. In fact, appellant, when questioned by the court, in effect, so admitted when he testified: "THE COURT: You still say that she is taking care of them about the same as she was before you got your divorce? A. Yes, sir." There is no showing that the mother is not a fit and proper person. Obviously, the natural mother, in the

absence of evidence of moral or general unfitness, should always be preferred over a step-mother. We said in the recent case of *Cushman* v. *Lane,* 224 Ark. 934, 277 S. W. 2d 72, "It is true that the rights and feelings of a natural parent are to be considered and his preferential right to custody will be recognized unless circumstances are such as to render such custody inimicable to the best interests of the child. *Griffen* v. *Newcom,* 219 Ark. 146, 240 S. W. 2d 648," and in *Massey* v. *Flinn,* 198 Ark. 279, 128 S. W. 2d 1008, "The infant needs female care and guidance of that patient, ever-watchful nature which is better insured by the natural affection of a grandmother than by the inexperienced efforts of a father or the sense of duty of the second wife."

It appears that the court conditioned appellant's right to appeal, on his first paying an attorney's fee of $250 to appellee, and appellant insists that this was beyond the power of the court. We agree with this contention of appellant, since the right of appeal is guaranteed to everyone. It was, however, within the sound discretion of the court to allow an attorney's fee and it is not argued that the court abused its discretion in allowing a fee in the amount of $250 here. In fact, the trial court is in a much better position to determine a reasonable fee than this court could be. We think no prejudice resulted to appellant's rights since an appeal has in fact been properly prosecuted by him to this court.

Appellant also argues that the court erred in rejecting his suggestion of the desirability of the Court's talking to the children. The record reflects the following: "MR. BETHELL: If the Court please, I believe that's all unless the Court desires to talk to the children. THE COURT: Now, Mr. Bethell, I don't believe it's necessary, and I don't think that it would do any good." There was no error here. The court acted within its sound discretion and no abuse thereof appears.

Affirmed.